IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MARK JAMES POWELL | : | |
| | : | |
| Debtor | : | CASE NO. 4:23-bk-01417-MJC |
| | : | |
| MARK JAMES POWELL | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| PS BANK, a/k/a PEOPLES STATE BANK, | : | |
| a/k/a PEOPLES STATE BANK OF | : | |
| WYALUSING | : | |
| | : | |
| Creditor/Objector | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## OBJECTION OF PS BANK TO DEBTOR'S MOTION TO EXTENT AUTOMATIC STAY

PS Bank, a/k/a Peoples State Bank, a/k/a Peoples State Bank of Wyalusing, (the 'Bank") by and through its attorneys Sheils Law Associates, P.C., objects to Debtor's Motion to Extent Automatic Stay.

## FACTUAL BACKGROUND

1.      On or about April 5, 2017, Mark James Powell (hereinafter the "Debtor"), filed for relief under Chapter 12 of the United States Bankruptcy Code in Case No. 5:17-10396-MJC.

2.      On April 19, 2022, the Debtor made an oral motion to voluntarily dismiss Case No. 5:17-10396-MJC pursuant 11 U.S.C. §1208(b) at the Confirmation Hearing on the Debtor's 7th Amended Chapter 12 Plan which was granted by the Court.

1

3	On May 23, 2022, the Debtor filed another Chapter 12 Case in Case No. 5:22-00954-MJC.

4.	On October 14, 2022, this Court dismissed the Debor's Chapter 12 Bankruptcy with prejudice and barred the Debtor from refiling a bankruptcy case for a period of one hundred and eight (180) from the date of the Order finding that the Debtor failed to file his Chapter 12 Bankruptcy Case in good faith. Attached as Exhibit "A" is a copy of the Order and Opinion of this Court.

5.	On June 25, 2023, the Debtor filed a Petition for Chapter 11 Bankruptcy.

6.	On June 25, 2023, the Debtor filed a Motion to Extend Automatic Stay alleging a "total annual disposable pre-tax income of $129,227" and that the Bankruptcy was filed in "good faith". See Motion of Debtor to Continue the Automatic Stay pursuant to 11 U.S.C. § 326(c)(3)(B). See Docket Entry #7 Motion of Debtor to Continue the Automatic Stay ¶ 12 and ¶ 13.

7.	At the time of the Bankruptcy filing the Bank has a pending Complaint in Mortgage Foreclosure against Debtor and a Sheriff Sale scheduled for June 28, 2023 on business equipment of Debtor secured by the Bank. Attached as Exhibit "B" is a copy of the Bradford County Sheriff's Office Notice of Levy/Sale.

8.	The Debtor's Schedule B lists substantial more business equipment of Debtor s B than the Bradford County was able to locate for the Sheriff Sale. Attached as Exhibit "C" is a copy of page 19 of Document #1.

9.	On July 12, 2023, the Debtor filed his Schedules I and J.

10.	On July 12, 2023, the Debtor filed a Motion to Extend Time to file Schedules Statements

11.     On July 14, 2023, the Court entered an Order granting the Debtor to July 28, 2023 to file required Schedules, Statements, and other Documents.

12.     On July 20, 2023, the Court conducted the hearing on Motion to Extend Automatic Stay but continued the hearing to August 31, 2023 with the Automatic Stay staying in effect.

13.     On July 31, 2023, the Debtor filed a Small Business Operating report for June 2023 with a net loss for the month of June.

14.     On August 28, 2023, the Debtor filed as an exhibit his Tax Return 2022 showing total income of $36,820.00.

15.     On August 29, 2023, the Debtor filed an Amended Schedule I and Schedule J showing gross wages in the amount of $8,464.00 and monthly net income of $4,809.04 substantially less than the Debtor's claimed "total annual disposable pre-tax income of $129,227" in the Motion to Extend Automatic Stay.

## OBJECTIONS

## I.     DEBTOR HAS NOT FILED BANKRUPTCY IN GOOD FAITH

16.     Section 3629(c)(3)(C) creates a presumption that a bankruptcy case filed within one year of a the previously dismissed case was not filed in good faith and the Debtor must demonstrate that the current pending case was filed in good faith with clear and convincing evidence to avoid stay termination. In re Ferguson, 376 B.R. 109, 118 (Bankr. E.D. Pa. 2007).

17.     There are no appellate decisions in the 3rd Circuit analyzing the good faith standard under §362(c)(3) and (4). In the context of a motion to dismiss a chapter 13 case, filed under 11 U.S.C. § 1307(c), the Court of Appeals has directed the lower courts to examine "good

faith" case-by-case, based on the "totality of the circumstances," including consideration of the following:

. the nature of the debts involved;
. the timing of the petition;
. how the debt arose;
. the debtor's motive in filing the petition;
. how the debtor's actions affected creditors;
. the debtor's treatment of creditors both before and after the petition was filed; and
. whether the debtor has been forthcoming with the bankruptcy court and the creditors.

In re Ferguson, 376 B.R. 109, 118 (Bankr. E.D. Pa. 2007); In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996).

18.     The Bank has a security interest in substantially all of the Debtor's machinery, fixtures, equipment, business and farm equipment including additions, substitutions, replacement and proceed thereof; the Debtor's claims the value of the Collateral and New Bailer are substantially less the amount owed the Bank by the Debtor.

19.     The Debtor has a history of attempting to frustrate the Bank collection of the amount owed the Debtor since his first Bankruptcy since 2017.

20.     The Debtor has failed to file anything verifying his substantial change in his economic circumstances whereby he will have a "total annual disposable pre-tax income of $129,227" as alleged in his Motion to Extend Automatic Stay.

21.     The Debtor filed as an exhibit his Tax Return 2022 showing total income of $36,820.00.

22.     On August 29, 2023, the Debtor filed an Amended Schedule I and Schedule J showing gross wages in the amount of $8,464.00 and monthly net income of $4,809.04.

23.     The Debtor has inconsistencies with his schedules and financial information..

24.     The Debtor does not have a reasonable probability of the successfully completing

4

a Chapter 11 Plan.

25.     The Bank is prejudiced by the automatic staying continuing in this case.

26.     Debtor filed his Bankruptcy Petition less than a week prior to a Sheriff Sale on his equipment with a pending Mortgage Foreclosure.

27.     Based upon a totality of the circumstance, the Debtor has failed to file his Bankruptcy Petition in "Good Faith"

II.     **THE HEARING ON THE MOTION TO EXTEND STAY HAS NOT BEEN COMPLETED WITHIN 30 DAYS**

28.     The hearing on a motion to extend the stay beyond the 30-day period must be completed before the expiration of the 30-day period. 11 U.S.C. § 362(c)(3)(B).

29.     Most courts hold that they lack the authority to grant a stay-extension motion after the expiration of the 30-day period. In re Galan, 2018 Bankr. LEXIS 845, at 4 (Bankr. Or. Mar. 21, 2018).

30.     On June 25, 2023, the Debtor filed a Motion to Extend Automatic Stay alleging a "total annual disposable pre-tax income of $129,227" and that the Bankruptcy was filed in "good faith". See Motion of Debtor to Continue the Automatic Stay pursuant to 11 U.S.C. § 326(c)(3)(B). See Docket Entry #7 Motion of Debtor to Continue the Automatic Stay ¶ 12 and ¶ 13.

31.     The Debtor has failed to show "total annual disposable pre-tax income of $129,227".

32.     The Debtor has not filed his Bankruptcy Petition in "good faith".

33.     The Debtor has not completed his hearing on the Motion to Extent Stay within 30 days from the filing date of the Motion.

5

**WHEREFORE**, PS Bank, a/k/a Peoples State Bank, a/k/a Peoples State Bank of Wyalusing, respectfully requests that this Honorable Court deny the Debtor's Motion to Extend the Automatic Stay and confirm that PS Bank, a/k/a Peoples State Bank, a/k/a Peoples State Bank of Wyalusing is permitted:

a) to proceed, under applicable non-bankruptcy law, to enforce its rights to collect the debt owed it and set forth above or take any other appropriate action as to the property know as 468 Hillside Drive, Towanda, Pennsylvania, 642 Hillside Drive, Towanda, PA 18848, a 1994 Skyline Mobile Home 2G110370GAB and all business and farm assets of the Debtor as listed in the Commercial Security Agreement between Debtor and PS Bank and any other secured assets of the Bank in the possession of the Debtor;

b) PS Bank, a/k/a Peoples State Bank, a/k/a Peoples State Bank of Wyalusing specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and

c) Ordering that Rule 4001(a)(3) is waived and PS Bank, a/k/a Peoples State Bank, a/k/a Peoples State Bank of Wyalusing may immediately enforce and implement this order.

6

d) Granting any other further relief that this Court deems just and equitable.

Respectfully submitted,

SHEILS LAW ASSOCIATES, P.C.

/s/ Robert P. Sheils, III
Robert P. Sheils, III Esquire
Supreme Court ID: 91108
108 North Abington Road
Clarks Summit, PA 18411
570-587-2600
570-585-0313 – Facsimile
rsheilsIII@sheilslaw.com